UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAQVILLE HUSTON,<br><br>            Petitioner,<br><br>       v.<br><br>SACRAMENTO SUPERIOR COURT,<br><br>            Respondent. | No.  2:21-cv-2277 TLN AC P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF Nos. 1, 2, 6.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2022, the undersigned recommended that this action be dismissed for failure to prosecute because petitioner had failed to file an amended complaint as he had been directed to do in February 2022.  ECF No. 9.  Petitioner has filed objections indicating that he wishes to pursue this case, and explaining that he had not received the ordering directing amendment due to his transfers from one prison to another.  ECF No. 10.  Accordingly, the recommendation for dismissal will be withdrawn.

It appears from the document recently submitted by petitioner that he is currently housed at Corcoran State Prison, not the California Substance Abuse Treatment Facility ("CSATF").  See

ECF No. 10.  The Clerk of Court will therefore be directed to update the docket.  It is petitioner's responsibility to keep the court apprised of his current address.  Local Rule 183(b).  Petitioner is strongly cautioned that he should promptly notify the court of any transfer by filing a notice of change of address.  Documents mailed to plaintiff at his address of record are legally considered to have been properly served, Local Rule 182(f), so the failure to update his address could have negative consequences.

The court has reviewed petitioner's in forma pauperis application, ECF No.s 2 & 6, and finds that he is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

At the time he filed the petition and application to proceed in forma pauperis, petitioner also requested a copy of his petition.  ECF No. 3.  In forma pauperis status does not allow for copies of filings free of charge.  See generally 28 U.S.C. § 1915; Porter v. Dep't of Treasury, 564 F.3d 176, 180 n.3 (3rd Cir. 2009).  Moreover, the Clerk of Court has informed petitioner that any copies of documents made will be charged at $0.50 per page.  ECF No. 3 (docket notes).  For these reasons, the request for copies will be denied.

Plaintiff's recent filing expresses a desire for the assistance of counsel, on the grounds that he cannot understand legal language.  ECF No. 10.  There is no right to appointment of counsel in federal habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  The court cannot determine whether appointment of counsel would be appropriate in this case until a petition is filed that is suitable for screening.  Plaintiff is informed that indigence, lack of education, and lack of legal expertise do not warrant the appointment of counsel.  See Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Finally, as the court explained in its previous order directing amendment:

> The petition does not specify any grounds for relief.  Petitioner failed to complete the portion of the form petition which calls for a statement of his claims for relief and the facts supporting each claim.  See ECF No. 1 at 4-5.  The form petition instructs petitioner to identify "every ground on which you claim that you are being held

2

unlawfully," and to "[s]ummarize *briefly* the *facts* supporting each ground." Id. at 3 (item 12). The court cannot review a petition that does not specify any federal claims. Accordingly, petitioner will be directed to file a First Amended Petition. The form petition must be completed in its entirety.

ECF No. 8.

Petitioner will again be provided with a copy of the form petition. He must fill it out entirely, explaining why he believes his conviction and resulting custody are unlawful and setting out the basic facts. When he files an amended petition, petitioner must name a proper respondent. The appropriate respondent in a federal habeas action is the warden of the facility in which a petitioner is housed. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Petitioner should name as respondent the warden of Corcoran State Prison, not the court in which he was convicted.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall:

   a. Update the docket to reflect petitioner's address at Corcoran State Prison, as indicated in the bottom right-hand corner of ECF No. 10, and

   b. Send petitioner a copy of the court's Petition for Writ of Habeas Corpus By a Person In State Custody;

2. Petitioner's motion to proceed in forma pauperis, ECF No. 2, is GRANTED;

3. Petitioner's request for copies, ECF No. 3, is DENIED;

4. The Findings and Recommendations at ECF No. 9 are WITHDRAWN; and

5. Within thirty days of the date of this order petitioner shall file a first amended petition.

Petitioner is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.

DATED: May 19, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE